**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30129 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00016-DCN-1 |
| v. | |
| CHRISTOPHER MICHEAL GAGE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Submitted April 14, 2021[**]
Seattle, Washington

Before: O'SCANNLAIN, GRABER, and CALLAHAN, Circuit Judges.

Christopher Gage appeals his conviction for possession of sexually explicit

images of minors. Because the facts are known to the parties, we repeat them only

as necessary to explain our decision.

The district court did not err in denying Gage's motion to suppress evidence

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

found in Officer Robinson's warrantless search of the backpack.

First, the court did not clearly err in finding that Gage had abandoned any reasonable expectation of privacy in the backpack by telling Officer Robinson that the group had just retrieved the backpack from a garbage dump and that he had never opened the backpack and had no idea what it contained. *See United States v. Lopez-Cruz*, 730 F.3d 803, 808–09 (9th Cir. 2013); *United States v. Decoud*, 456 F.3d 996, 1007–08 (9th Cir. 2006).

Second, even if Gage had not abandoned his expectation of privacy in the backpack, the district court correctly concluded that the search fell within the automobile exception to the Fourth Amendment. *See generally Wyoming v. Houghton*, 526 U.S. 295, 300–07 (1999) (discussing warrantless searches of containers found within automobiles); *California v. Acevedo*, 500 U.S. 565, 579–80 (1991) (same). Officer Robinson had probable cause to believe the backpack contained contraband based upon his observation of numerous pieces of suspected drug paraphernalia scattered in the area near the vehicle and visible in an outside pocket of the backpack itself. *See generally United States v. King*, 985 F.3d 702, 707 (9th Cir. 2021) (discussing probable cause); *Blight v. City of Manteca*, 944 F.3d 1061, 1066 (9th Cir. 2019) (same).

**AFFIRMED.**

2